John W. Weiss (JW-4222)
Nancy A. Mitchell (NM-4135)
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
(212) 801-9200

Counsel for Allied Capital Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
|                                   | :  | Chapter 11 |
|-----------------------------------|----|------------|
| In re:                            | :  |            |
|                                   | :  | 08-10975 (RDD) |
| Creative Group, Inc. *et al.*     | :  |            |
|                                   | :  |            |
|                                   | :  | (Jointly Administered) |
|              Debtor.              | :  |            |

------------------------------------------------------------X

**ALLIED CAPITAL CORPORATION'S *EX PARTE* MOTION FOR ENTRY OF
AN ORDER SETTING DATE, TIME AND PLACE FOR AN EXPEDITED
HEARING TO CONSIDER MOTION OF ALLIED CAPITAL CORPORATION
FOR ENTRY OF AN ORDER DIRECTING THE DEBTOR
TO PROVIDE DISCOVERY PURSUANT TO BANKRUPTCY RULE 2004**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Allied Capital Corporation (the "Company" or "Allied"), by and through its undersigned counsel, hereby submits this *ex parte* Motion (the "Motion"), for entry of an order scheduling an expedited hearing on Allied's motion for the entry of an order directing the above captions debtors and debtors-in-possession (the "Debtors") to provide discovery pursuant to Bankruptcy Rule 2004 (the "2004 Motion"), and in support thereof, respectfully states:

**PRELIMINARY STATEMENT**

1.   Allied, as subordinated lender, warrant holder and common equity holder, seeks the immediate discovery and inspection of certain documents and information related to Allied's rights and claims against the Debtors in these cases, and the actions of Debtors'

management in connection with the Debtors' pending Bid Procedures Motion,[1] which was filed on Monday, March 31, 2008 and is scheduled for hearing on Tuesday, April 15, 2008. The documents sought by Allied were requested by letter to the Debtors on Tuesday, April 1 (the "**Demand Letter**"), a copy of which is attached to the 2004 Motion as Exhibit A. In addition, Allied requests an order authorizing it, on or before April 14, 2008, to obtain records and to take the deposition of Scorpion Capital Partners, L.P. ("Scorpion") and to depose the following employees or agents of the Debtors: Thomas DeFeo, Joseph Castellano, Mark Cantor and Joseph Avallone.

2. The Debtors have proposed in the Bid Procedures Motion to sell substantially all of their assets to an entity dominated, if not controlled, by their insiders and shareholders in conjunction with Scorpion, pursuant to a lightening fast schedule that leaves little time to conduct meaningful, relevant discovery. Notably, the amount of the proposed "stalking horse" bid provides no proceeds to the Debtors' estate to pay Allied or the Debtors' unsecured creditors. Despite numerous prepetition requests and the Demand Letter, Creative continues to inexcusably deny Allied access to necessary documents and information. To ensure that Allied is granted a fair opportunity to protect its rights and claims in these cases, discovery must be completed now.

**GENERAL BACKGROUND**

3. The Debtors are a diversified entertainment and media company that provide post-production services to major video producers, and, through certain affiliates and subsidiaries, develop and market proprietary video and web-based animated products based on

---

[1] As used herein, "Bid Procedures Motion" refers to Debtors' Motion for Orders under 11 U.S.C. §§ 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (A) Approving (I) Bidding Procedures, (II), Certain Bid Protections, (III) Form and Manner of Sale Notices, and (IV) Sale Hearing Date and (B) Authorizing and Approving (I) Substantially All of the Debtors' Assets Free and Clear of Liens, Claims and Encumbrances, (II) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Assumption of Certain Leases.

its own intellectual property. The Debtors also publish certain magazines through their Starlog and Fangoria affiliates.

4. In September of 2006, a series of agreements (the "**Prepetition Agreements**") were entered into to capitalize Creative and certain of Creative's affiliates through various investments and loans. These investments and loans were made by Signature Bank ("**Signature**") and Allied.

5. The Debtors thereafter experienced financial difficulties, and protracted restructuring negotiations were held among the Debtors, Debtors' officers, directors and management, Signature Bank ("**Signature**"), Allied, and each of their respective advisors. Unfortunately, no consensual restructuring was reached through these negotiations.

6. On March 21, 2008 (the "**Petition Date**"), each of the Debtors filed voluntary petitions for relief commencing these cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

7. Throughout negotiations and thus far in the case, Debtors' management has demonstrated that they are primarily concerned with one thing: taking care of themselves to the detriment of creditors.

8. Allied has serious concerns about the prepetition and postpetition actions of Debtors' existing management,[2] who have now presented to the Court a proposed sale of substantially all of the Debtors' assets in a deal which is intended to give undisclosed "interests" to existing management and equity holders, while completely excluding Allied (the largest secured lender in these cases).

---

[2] See for one example, Allied's recent Motion for Reconsideration of Order Authorizing Payment of Prepetition Claims of Certain Critical Vendors (the "**Motion for Reconsideration**").

9. In accordance with Allied's inspection and reporting rights under its prepetition agreements with the Debtors, this Court's Interim DIP Financing Order, and Bankruptcy Rule 2004, numerous requests for inspection, information and administration have been made to the Debtors by Allied, all to no avail. Allied now needs full access to the diligence and discovery materials described in the attached Demand Letter if it is to have a fair opportunity to evaluate these cases and the actions of Debtors and their management to date, or to prepare a possible bid for the Debtors' assets. Time is running short for this relief under the Debtors' proposed schedule, thus Allied is forced to seek an expedited hearing of its 2004 Motion filed contemporaneously herewith.

## JURISDICTION AND VENUE

10. The Court has jurisdiction to consider the Motion and the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

11. By this Motion, Allied seeks entry of an order scheduling an expedited hearing on its 2004 Motion.

## BASIS FOR RELIEF REQUESTED

12. In accordance with Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 9006-1 (the "Local Rules"), the 2004 Motion is to be considered by the Court after notice and a hearing. The notice and hearing requirement is generally satisfied by providing at least 10 days notice of the hearing on the relief sought. See Fed. R. Bankr. P. 9006; Local Rule 9006-1.

13.     Federal Rule of Bankruptcy Procedure 9007 gives the Bankruptcy Court the power to regulate notices.  <u>See</u> Fed. R. Bankr. P. 9007.  Rule 9006 governs enlargement and reduction of time required for notice.  <u>See</u> Fed. R. Bankr. P. 9006(b) and (c).  Allied submits that reducing the notice requirement relating to the 2004 Motion from 10 days to 1 day is warranted under the circumstances, particularly given the extremely aggressive schedule requested by the Debtors for approval of bidding procedures for an insider deal.

## **WAIVER OF MEMORANDUM OF LAW**

14.     Because this Motion does not present any novel issues of law and the statutory authority relied upon is set forth herein, Allied requests that the Court waive and dispense with the requirement set forth in Local Bankruptcy Rule 9013-1(b) that a separate memorandum of law be filed in support of this Motion.

WHEREFORE, Allied respectfully requests entry an Order, substantially in the form of the Order annexed hereto as <u>Exhibit A</u>, scheduling an expedited hearing to consider the relief requested in the 2004 Motion and granting Allied such other and further relief as this Court deems just and proper.

Dated: New York, New York  
       April 2, 2008

GREENBERG TRAURIG, LLP  
New York, New York

By: <u>John W. Weiss</u>  
John W. Weiss (JW-4222)  
Nancy A. Mitchell (NM-4135)  
Greenberg Traurig, LLP  
200 Park Avenue  
New York, New York 10166  
(212) 801-9200  
weissjw@gtlaw.com  
mitchelln@gtlaw.com

Counsel for Allied Capital Corporation