UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

In re

CREATIVE GROUP, INC, *et al.*[1],

          Debtors.

---------------------------------------------------------X

Chapter 11

Case No 08-10975 (RDD)

(Jointly Administered)

# STIPULATION AND AGREED ORDER REGARDING CLAIMS OF ALLIED CAPITAL CORPORATION AND RIGHT OF ALLIED CAPITAL CORPORATION TO CREDIT BID ITS CLAIMS PURSUANT TO 11 U.S.C. § 363(K)

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), the Official Committee of Unsecured Creditors (the "Committee") appointed in these cases and Allied Capital Corporation ("Allied"), hereby stipulate (the "Stipulation") and agree as follows:

WHEREAS, on or about April 2, 2008, Allied filed with the Court the following proofs of claim, together with related supporting documentation (collectively, the "Claims"):

    (i)    a proof of claim asserting a secured claim in an amount not less than $17,440,161.73 (the "Creative Group Claim") against Creative Group, Inc. ("Creative Group");

    (ii)    a proof of claim asserting a secured claim in an amount not less than $17,440,161.73 (the "Animagic Claim") against Animagic LLC ("Animagic";

    (iii)    a proof of claim asserting a secured claim in an amount not less than $17,440,161.73 (the "Fangoria Claim") against Fangoria Entertainment, Inc. ("Fangoria");

    (iv)    a proof of claim asserting a secured claim in an amount not less than $17,440,161.73 (the "Moe Greene Claim") against Moe Greene Entertainment LLC ("Moe Greene");

---

[1] The Debtors are: (1) Creative Group; Inc (TIN: 13-3718543); (2) Animagic LLC (TIN: 02-0763980); (3) Fangoria Entertainment; Inc (TIN: 20-5706898); (4) Nate the Great LLC (TIN: 02-0763976); (5) Moe Greene Entertainment LLC (TIN: 56-2509045); (6) Starlog Entertainment, Inc. (TIN: 13-3788074); (7) Starlog Group, Inc. (TIN: 13-3178274); (8) Starlog Licensing of America, Inc. (TIN: 13-3348330); and (9) Tangerine LLC.

1

(v) a proof of claim asserting a secured claim in an amount not less than $17,440,161.73 (the "NTG Claim") against Nate the Great LLC ("NTG"); and

(vi) a proof of claim asserting a secured claim in an amount not less than $17,440,161.73 (the "Tangerine Claim") against Tangerine LLC ("Tangerine").

WHEREAS, the Committee reviewed the liens asserted by Allied and determined that Allied does not hold a lien on any assets of Starlog Entertainment, Inc., Starlog Group, Inc. or Starlog Licensing of America, Inc. (collectively, "Starlog");

WHEREAS, on April 2, 2008, Allied commenced an adversary proceeding assigned Adv. Pro. No. 08-01153 (the "Adversary Proceeding") seeking a judgment under sections 363(k) and 502 of title 11 of the United States Code (the "Bankruptcy Code") that the Claims are allowed and the property anticipated to be sold by the above-captioned Debtors is subject to a lien(s) that secures Allied's Claims such that Allied may credit bid/offset the amount of its Claims against the proposed purchase price of such property at a sale of such property pursuant to section 363(b) of the Bankruptcy Code;

WHEREAS, on May 9, 2008, the Court entered the Final Order (A) Authorizing Debtors to Obtain Postpetition Financing, Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361, 364(c) and 364(d); (B) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2)(B); (C) Granting Adequate Protection; and (D) Modifying the Automatic Stay Pursuant to pursuant to 11 U.S.C. § 362(d) (the "DIP Order");

WHEREAS, the DIP Order provides that the Committee "shall have until May 19, 2008 (the "Challenge Period") to file an objection or contested matter or commence an adversary proceeding (as may be appropriate) on behalf of the Debtors or their estates with respect to the extent, validity, priority or amount of the claims asserted by the Lender and Allied . . .";

WHEREAS, the DIP Order includes the Debtors' representation that they were indebted to Allied, as of the Petition Date, in the aggregate principal amount of $17,146,456.39, plus any expenses allowed by the Court, pursuant to a 12% subordinated secured note dated as of September 12, 2006 executed by Creative Group, Inc., Fangoria Entertainment, Inc., Moe Greene Entertainment, LLC, Tangerine, LLC, Animagic, LLC and Nate The Great, LLC in favor of Allied (the "Subordinated Note"); that the Subordinated Note is secured by substantially all of the Debtors' assets pursuant to a prepetition security agreement by and among Allied and the Debtors (the "Subordinated Liens"); and that Allied's security interests in and liens upon the Debtors' assets are subordinated to Signature's liens and security interests pursuant to a Subordination and Intercreditor Agreement dated as of September 28, 2006 (the "Intercreditor Agreement");

WHEREAS, on April 23, 2008, the Court entered the Order Under 11 U.S.C. § 105(a) and Federal Rules of Bankruptcy Procedures 2002 and 9014 Approving (i) Bidding Procedures; (ii) Certain Bid Protections; (iii) Form and Manner of Sale Notices; and (iv) Scheduling a Sale Hearing (the "Bidding Procedures Order");

WHEREAS, the bidding procedures approved by the Bidding Procedures Order provide, in relevant part that Allied, for itself or on behalf of its designee, assignee or affiliate, shall have the right to credit bid the entire amount of its subordinated secured claim; provided that any such bid shall include sufficient cash to pay the Break-Up Fee and the cost of the Bidding Process (each as defined in the Bidding Procedures Order);

WHEREAS, the Bidding Procedures Order further provides that "the Committee may object to the credit bid rights of either Signature Bank or Allied Capital Corporation, provided

that any such objection is filed with the Court on or before May 19, 2008" (the "Credit Bid Objection Deadline");

WHEREAS, the Committee and Allied agreed to extend: (i) the Challenge Period; and (ii) the Credit Bid Objection Deadline, to June 6, 2008, in order to resolve certain issues pertaining to the Challenge Period and the Credit Bid Objection Deadline;

WHEREAS, the Debtors and Allied agreed to extend the time for the Debtors to answer, move or otherwise respond to the Complaint (as defined below) to June 10, 2008;

WHEREAS, the Debtors and the Committee have reviewed and analyzed each of the Claims and the allegations set forth in the complaint commencing the Adversary Proceeding (the "Complaint") and wish to resolve the issues raised therein; and

WHEREAS, the Debtors, the Committee and Allied have met and conferred, and have reached agreement as to the amount, validity, priority and allowability of the Claims asserted by Allied to date in these cases.

NOW THEREFORE, for good and valuable consideration, it is hereby Stipulated, Agreed, Ordered and Adjudged as follows:

1. The terms of this Stipulation shall become effective upon execution by the Debtors, the Committee and Allied, and approval hereof by the Court.

2. The Debtors and the Committee agree that each of the Claims should be deemed immediately allowed by the Court pursuant to section 502(a) of the Bankruptcy Code, and consent to the same, as follows:

> (i) the Creative Group Claim shall be deemed allowed as a perfected secured claim against Creative Group in an amount of not less than $17,440,161.73, subject to future adjustment for additional related interest and expenses accrued and incurred on or after April 1, 2007, and collateralized as set forth in the Claim;

4

(ii) the Animagic Claim shall be deemed allowed as a perfected secured claim against Animagic in an amount of not less than $17,440,161.73 , subject to adjustment for additional related interest and expenses accrued and incurred on or after April 1, 2007, and collateralized as set forth in the Claim;

(iii) the Fangoria Claim shall be deemed allowed as a perfected secured claim against Fangoria in an amount of not less than $17,440,161.73 , subject to future adjustment for additional related interest and expenses accrued and incurred on or after April 1, 2007, and collateralized as set forth in the Claim;

(iv) the Moe Greene Claim shall be deemed allowed as a perfected secured claim against Moe Greene in an amount of not less than $17,440,161.73 , subject to future adjustment for additional related interest and expenses accrued and incurred on or after April 1, 2007, and collateralized as set forth in the Claim;

(v) the NTG Claim shall be deemed allowed as a perfected secured claim against NTG in an amount of not less than $17,440,161.73 , subject to future adjustment for additional related interest and expenses accrued and incurred on or after April 1, 2007, and collateralized as set forth in the Claim; and

(vi) the Tangerine Claim shall be deemed allowed as a perfected secured claim against Tangerine in an amount of not less than $17,440,161.73 , subject to future adjustment for additional related interest and expenses accrued and incurred on or after April 1, 2007, and collateralized as set forth in the Claim;

3. Upon Court approval of this Stipulation, the Debtors shall promptly cause their claims registry to be amended to reflect the allowance of the Claims as provided herein.

4. Allied does not hold and shall not be entitled to assert any lien, security interest or any other right superior to that of any general unsecured creditor to, in or against any assets of Starlog or the proceeds, products or cash derived therefrom.

5. The Debtors and the Committee agree and consent that Allied should be authorized, but not required, to exercise its rights to credit bid the Claims allowed herein pursuant to section 363(k) of the Bankruptcy Code in any sale of the Debtors' assets or equity

interests to the same pursuant to the terms of the Bidding Procedures Order or any other applicable order of the Court.

6. The Debtors, as debtors and not on behalf of their estates, and the Committee acknowledge, stipulate and agree that the Claims and all liens and security interests of Allied are legal, valid, binding, enforceable, and duly perfected and that the Claims are allowed as secured claims against the Debtors, subordinated only to the liens and security interests of Signature, and that Allied's liens, security interests and Claims are not subject to avoidance, offset, counterclaim, recoupment, or equitable subordination.

7. The Debtors and the Committee are forever barred, estopped, and enjoined from asserting any objection as to the amount, priority and/or validity of any of the Claims, other than as to any additional amounts asserted by Allied pursuant to paragraph 9 of this Stipulation.

8. The Debtors and the Committee are forever barred, estopped, and enjoined from objecting to Allied's right to credit bid the amount of its Claims against the proposed purchase price of any sale of the Debtors' property at a sale of such property pursuant to section 363(b) of the Bankruptcy Code in accordance with the Bidding Procedures Order or any other applicable order of the Court.

9. Notwithstanding any provision of this Stipulation to the contrary, Allied reserves the right to file additional proofs of claim at any time for any additional claims related to Allied's agreements with the Debtors, or otherwise, including, but not limited to asserting additional interest or expenses relating to the Claims described herein. This Stipulation is made without prejudice to Allied's rights under the Bankruptcy Code or otherwise. Allied reserves the right to claim that all or a portion of the costs, expenses or other obligations incurred or accruing after the date of the Debtors' commencement of these cases are administrative expenses entitled to

priority under the Bankruptcy Code, and the Debtors reserve their rights to contest the administrative priority of any such claims asserted by Allied. Allied does not waive any right or rights of action that it has or may have against any of the Debtors or any other person or persons. This Stipulation is not intended to be, and shall not be construed as (i) an election of remedies, (ii) a waiver of any defaults, or (iii) a waiver or limitation of any rights, remedies, claims or interests of Allied.

10. Within five (5) business days after Court approval of this Stipulation and the running of the related appeals period without any related appeal being asserted, Allied shall withdraw with prejudice its Complaint in Adversary Proceeding No. 08-01153 (RDD).

11. Except as otherwise expressly set forth in this Stipulation, the rights of Allied, the Debtors and the Committee are reserved in all respects.

12. This Stipulation cannot be amended, modified or superseded except upon written consent of the parties hereto.

13. This Stipulation may be signed in counterparts, with each part being deemed a part of the original document.

14. This Stipulation may be signed by facsimile or e-mail transmission which signatures shall be treated as original signatures.

15. This Court retains exclusive jurisdiction to enforce the terms of this Stipulation upon appropriate motion by a party hereto.

**Agreed to by:**

Dated: New York, New York  
       June 6, 2008

Counsel for the Debtors and Debtors-in-Possession

By: /s/ *S. Jason Teele*  
    Kenneth A. Rosen, Esq. (KR 4963)  
    Sharon L. Levine, Esq. (SL 2109)  
    S. Jason Teele, Esq. (ST 7390)  
    Kimberly R. Goldberg, Esq. (KG 0117)  
    LOWENSTEIN SANDLER PC  
    1251 Avenue of the Americas, 18th Floor New York, New York 10020  
    Tel: (212) 262-6700  
    Fax: (212) 262-7402

-and-

65 Livingston Avenue  
Roseland, New Jersey 07068  
Tel: (973) 597-2500  
Fax: (973) 597-2400

| | | |
|---|---|---|
| Dated: | New York, New York<br>June 6, 2008 | Counsel for the Official Committee of Unsecured Creditors for Creative Group, Inc., *et al.* |

By: /s/ *Adrienne W. Blankley*
Schuyler G. Carroll (SC-1234)
Heike M. Vogel (HV-2398)
Adrienne W. Blankley (AB-9412)
ARENT FOX LLP
1675 Broadway
New York, New York 10019
Tel: (212) 484-3900
Fax: (212) 484-3990

Dated: New York, New York
      June 6, 2008

Counsel for Allied Capital Corporation

By: /s/ *John W. Weiss*
Nancy A. Mitchell (NM-4135)
John W. Weiss (JW-4222)
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 801-9200

So Ordered
Dated: New York, New York
      June 12, 2008

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

9