| | |
|---|---|
| DUANE MORRIS LLP, | Hearing Date: March 19, 2010, at 10:00 a.m. |
| A Delaware Limited Partnership | Objection Deadline: March 16, 2010, at 4:00 p.m. |
| Lawrence J. Kotler (LK-8177) | |
| 1540 Broadway, Suite 1400 | |
| New York, NY 10036-4086 | |
| (212) 692-1000 | |

and

30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1000

Attorneys for Signature Bank

---------------------------------------------------------X

| | |
|---|---|
| In re | Chapter 11 |
| CREATIVE GROUP, INC., *et al.*, | Case No. 08-10975(RDD) |
| Debtors. | (Jointly Administered) |

---------------------------------------------------------X

## NOTICE OF HEARING

PLEASE TAKE NOTICE that a hearing to consider the relief requested in Signature Bank's ("Signature") (i) *Motion Pursuant to 11 U.S.C. §§ 105(a) and 1109(b) for Entry of an Order Authorizing Signature Bank to Prosecute Causes of Action Under Chapter 5 of the Bankruptcy Code[1] on Behalf of the Debtors' Estates* (the "Standing Motion"), and (ii) *Emergency Motion for an Order Scheduling a Hearing on Reduced Time Regarding the Standing Motion, Limiting Notice, and Scheduling a Hearing On Shortened Time to Consider the Standing Motion* (the "Motion to Shorten Time") shall be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601-4140 (the "Bankruptcy

---

[1] The "Chapter 5 Claims".

Court") on **March 19, 2010 at 10:00 a.m.** (prevailing Eastern Time), or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Standing Motion, the Motion to Shorten Time and the relief requested therein shall be made in writing, shall state with particularity the grounds thereof, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest, on a 3.5 inch disk or CD-ROM, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and served in accordance with General Order M-242 or otherwise so as to be actually received no later than **March 16, 2010 at 4:00 p.m**. (prevailing Eastern Time) by: (a) Duane Morris LLP, counsel for Signature, 1540 Broadway, Suite 1400, New York, NY 10036-4086, Attn: Lawrence J. Kotler, Esq.; (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Greg Zipes, Esq.; (c) counsel to the statutory committee of unsecured creditors appointed in these chapter 11 cases, Arent Fox LLP, 1675 Broadway, New York, New York 10019, Attn: Schuyler G. Carroll, Esq.; and (d) all those persons and entities that have formally requested notice by filing a written request for notice, pursuant to Bankruptcy Rule 2002 and the Local Bankruptcy Rules.

Dated: New York, New York
March 9, 2010

          DUANE MORRIS LLP

          By:   */s/ Lawrence J. Kotler*
                  Lawrence J. Kotler
                  1540 Broadway, Suite 1400
                  New York, NY 10036-4086
                  (212) 471-1856

                  and

          30 South 17th Street
          Philadelphia, PA 19103-4196
          (215) 979-1514

Attorneys for Signature Bank

| DUANE MORRIS LLP, | Hearing Date: March 19, 2010, at 10:00 a.m. |
| A Delaware Limited Partnership | Objection Deadline: March 16, 2010, at 4:00 p.m. |
| Lawrence J. Kotler (LK-8177) | |
| 1540 Broadway, Suite 1400 | |
| New York, NY 10036-4086 | |
| (212) 692-1000 | |

and

30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1000

Attorneys for Signature Bank

---------------------------------------------------------X

| In re | Chapter 11 |
| CREATIVE GROUP, INC., *et al.*, | Case No. 08-10975(RDD) |
| Debtors. | (Jointly Administered) |

---------------------------------------------------------X

**MOTION OF SIGNATURE BANK FOR ENTRY OF AN ORDER
GRANTING LEAVE, STANDING AND AUTHORITY TO PROSECUTE
CAUSES OF ACTION ON BEHALF OF THE DEBTORS & DEBTORS' ESTATES**

TO: THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE

Signature Bank ("Signature"), a creditor of Creative Group, Inc., *et al.* (the "Debtors"), by and through its counsel, Duane Morris LLP, respectfully submits this Motion pursuant to 11 U.S.C. §§ 105(a) and 1109(b) for entry of an order authorizing Signature Bank to pursue causes of action arising under Chapter 5 of the Bankruptcy Code (the "Chapter 5 Claims") on behalf of the Debtors' estates (the "Standing Motion") and, in support hereof, respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. The Debtors' statement of financial affairs indicates that a substantial amount of transfers were made to creditors, including certain members of the "Committee" (as defined

herein) on account of antecedent debt prior to the Petition Date. Signature believes that these transfers occurred while the Debtors were insolvent. These claims are substantial, colorable and *bona fide*, and the statute of limitation to commence actions for return of these preferential or fraudulent transfers to the Debtors' bankruptcy estate is about to expire, *e.g.*, on March 21, 2010.

2. Signature has standing to bring this Motion as, pursuant to an agreement reached at approval of the sale of the Debtors' assets, Signature is entitled to (among other things) the first $45,000.00 proceeds of these claims.

3. As no one has brought these actions yet, Signature seeks authority and standing to bring these claims on the Debtors' behalf. At this point, Signature is the only party in interest who can bring and is willing to prosecute these claims.

## BACKGROUND

4. On March 21, 2008 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

5. On March 26, 2008, the Debtors' cases were consolidated to be jointly administered for procedural purposes only.

6. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are acting as debtors-in-possession.

7. No trustee or examiner has been appointed in these Chapter 11 cases.

8. On April 4, 2008, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") to serve in these cases.

9. On June 30, 2008, the Court entered an order (the "Sale Order") authorizing the sale of the Debtors' assets to Newco. The sale of substantially all of the Debtors' operating assets was consummated that same day.

10. In connection with the sale of the Debtors' assets, an agreement was reached, memorialized in the Sale Order, which provided, among others things, that the first $45,000 of net proceeds received from the Chapter 5 Claims ("Net Avoidance Action Proceeds") would be paid to Signature. Allied Capital Corporation ("Allied") is entitled to receive the next $30,000 of Net Avoidance Action Proceeds. Signature and Allied, along with all of the Debtor unsecured creditors, are entitled to share all other Net Avoidance Action Proceeds on a *pro rata* basis.

11. Signature consulted with the Debtors and the Committee regarding this Standing Motion and has been advised that neither intends to pursue the Chapter 5 Claims.

12. Signature has identified competent counsel that will promptly commence the Chapter 5 Claims – prior to expiration of the statute of limitations – who has agreed to prosecute such claims on a contingency basis. Thus, there will be no cost to the estates.

13. Signature understands that the Committee is preparing a liquidating plan (the "Plan") which establishes a creditor trust and preserves the Chapter 5 Claims.

14. To the extent that Signature gets authority from this Court to bring these actions on behalf of the Debtors' estates, Signature will agree to assign these claims to the liquidating trust upon the effective date of that Plan and consistent with any confirmation order entered in connection thereto.

## JURISDICTION

15. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are, *inter alia*, Sections 105 and 1109 of the Bankruptcy Code.

## RELIEF REQUESTED

16. By this Standing Motion, Signature requests that the Court grant leave, standing and authority to Signature to investigate, assert, commence, pursue, prosecute and settle in all respects on behalf of and in the name, place and stead of the Debtors, any and all claims and causes of action arising under Chapter 5 of the Bankruptcy Code or similar State or Federal statute or common law.

## BASIS FOR RELIEF REQUESTED

17. Well-settled authority within this Circuit holds that Section 1109(b) of the Bankruptcy Code provides for a qualified right for a party in interest, such as Signature, to initiate actions in the name of or on behalf of the debtor with approval of the Bankruptcy Court.

18. In fact, the United States Court of Appeals for the Second Circuit has opined that "[a] creditors' committee may acquire standing to pursue the debtor's claims if (1) the committee has the consent of the debtor in possession or trustee, and (2) the court finds that suit by the committee is (a) in the best interest of the bankruptcy estate, and (b) is 'necessary and beneficial' to the fair and efficient resolution of the bankruptcy proceedings." *In re Commodure International Ltd.*, 262 F.3d 96, 100 (2d Cir. 2001); *In re Housecraft Industries USA, Inc.*, 2002 U.S. App. Lexis 22193 (2d Cir. 2002); *In re Hydrogen LLC*, No. 08-14139 (Bankr. S.D.N.Y. May 7, 2009).

19. In the present case, since the Committee indicated that it will not pursue the Chapter 5 Claims and the Debtors have not, Signature is the only remaining party to bring these causes of action on behalf of the Debtors' estates.

20. When a debtor has not pursued a claim, most courts will find that a party in interest has satisfied its burden to show that the debtor has unjustifiably refused to pursue the claim. *See In re Valley Media, Inc.*, 2003 WL 21956410 at 2 ("*Cybergenics II* . . . suggests a

DM3\1321326.3

- 4 -

creditors committee can be granted derivative standing when the trustee is 'delinquent' in pursuing action on behalf of the estate. It seems to me that where, as here, a debtor's counsel has a conflict of interest in pursuing an estate claim so that it is effectively disqualified from pursuing an action which is otherwise a colorable claim, the debtor (or a trustee) can be viewed as delinquent and the creditors committee should be authorized to pursue the cause of action."). *Id.* (citations omitted).

21. As neither the Committee nor the Debtors have filed these actions, there is no other party in interest other than Signature to pursue these claims. Immediate action by Signature is necessary because the statute of limitations is about to expire on March 21, 2010 and Signature's commencement of these actions will be beneficial to maximize the value of the estates.

(i) <u>Granting Signature Standing to Pursue the Claims will Benefit the Estates</u>

22. Signature believes the potential recovery from the Chapter 5 claims and causes of action represent a substantial pool of assets that may be used to satisfy the estates' liabilities to creditors. Additionally, Signature expects the costs of pursuing the claims to be minimal, if any, as Signature has identified competent counsel to prosecute the actions on a contingency basis.

23. Indeed, if the Chapter 5 causes of action are not commenced immediately, such rights will be irrevocably lost resulting in a detriment to the Debtors' estates and reducing the potential recovery to creditors.

(ii) <u>The Chapter 5 Causes of Action are Colorable Claims</u>

23. A party-in-interest may obtain standing by demonstrating that it possesses "colorable" claims of the debtor. *See In re Adelphia Communications Corp.*, 330 B.R. 364, 376 (S.D.N.Y. 2005) (citing *In re STN Enterprises*, 779 F.2d 901, 905 (2d. Cir. 1985). The threshold

for showing a colorable claim is relatively low. *Id.* "Caselaw construing requirements for 'colorable' claims has made it clear that the required showing is a relatively easy one to make.

24. In *STN*, the Second Circuit eschewed extensive merits review, requiring instead 'a colorable claim . . . for relief that *on appropriate proof* would support a recovery.'" *Adelphia*, 330 B.R. at 376 (footnote omitted) (quoting *STN*, 779 F.2d at 905 (emphasis added in *Adelphia*).

25. Courts in the Southern District of New York have consistently held that standing should be denied "only if the claims are 'facially defective'" and that "in determining whether there is a colorable claim, the court must engage in an inquiry that is 'much the same at that undertaken when a defendant moves to dismiss a case for failure to state a claim.'" *See Adelphia*, 330 B.R. at 376 (footnotes omitted) (quoting *In re America's Hobby Center*, 223 B.R. 275, 288 (Bankr. S.D.N.Y. 1998); *In re KDI Holdings, Inc.*, 227 B.R. 493, 508 (Bankr, S.D.N.Y. 1999) (quoting *America's Hobby Center*, 223 B.R. at 282)). Furthermore, a benefit is conferred on the estate where valuable assets of the estate would be wasted without another party-in-interest's standing. *Hydrogen* at 3.

26. From the information provided by the Debtors, it is clear that substantial transfers were made by the Debtors to creditors prior to the Petition Date on account of antecedent debt – transfers made while the Debtors were insolvent. Accordingly, such transfers fall squarely within the pertinent sections under Chapter 5 of the Bankruptcy Code and are undoubtedly colorable and are routinely brought by debtors-in-possession, committees, bankruptcy trustees and other parties in interest. Indeed, it is often that these avoidance powers are the most important powers of a trustee or debtor-in-possession, assuring the fair and equal treatment of all the creditors of a debtor's estate. As neither the Committee nor the Debtors have exercised this

right and power, Signature should be given standing to do so in order uphold the highest principle – fair and equal treatment of all creditors - of the Bankruptcy Code.

## **RESERVATION OF RIGHTS**

27. Signature also reserves its rights to supplement or modify this Motion as warranted, and to further address the requested relief and other ancillary issues and respond to the expected reply of any party, either by further submission to this Court, at oral argument or through testimony to be presented at any hearing.

## **CONCLUSION**

WHEREFORE, for all the reasons set forth herein, Signature respectfully requests that the Court (i) grant this Standing Motion; (ii) authorize Signature to investigate, assert, commence, pursue, prosecute and settle the Chapter 5 Claims on behalf of the Debtors; and (ii) grant such other relief as is just and proper.

Dated:  New York, New York
        March 9, 2010

                                        DUANE MORRIS LLP

                                        By:  */s/ Lawrence J. Kotler*
                                             Lawrence J. Kotler (LK-8177)
                                             1540 Broadway, Suite 1400
                                             New York, NY 10036-4086
                                             (212) 471-1856

                                                    and

                                             30 South 17th Street
                                             Philadelphia, PA 19103-4196
                                             (215) 979-1514

                                        Counsel for Signature Bank

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| In re: | : | Chapter 11 |
|---|---|---|
| | : | |
| **CREATIVE GROUP, INC,** | : | Case No. 08-10975 (RDD) |
| | : | |
| Debtor. | : | (Jointly Administered) |

**ORDER**

Upon consideration of the Motion of Signature Bank for Entry of an Order Granting Leave, Standing and Authority to Prosecute Causes of Action on Behalf of the Debtors & Debtors' Estates (the "Motion") and this Court having jurisdiction over this matter; and due and proper notice of the Motion having been given as set forth on the certificate of service filed contemporaneously with this Motion; and it appearing that no other or further notice is necessary; and after due deliberation and sufficient cause appearing therefore, it is hereby,

ORDERED that the Motion be, and hereby is, GRANTED; and it is further

ORDERED that Signature Bank has leave, standing and authority to investigate, assert, commence, pursue, prosecute and settle in all respects on behalf of and in the name, place and stead of Debtors, any and all claims and causes of action (collectively, the "Claims") arising under Chapter 5 of the Bankruptcy Code or similar State or Federal statute or common law.

ORDERED that Signature Bank may engage contingent fee counsel to pursue the Claims on behalf of the Debtors' estates; and it is further

ORDERED that, to the extent that Signature gets authority from this Court to bring these actions on behalf of the Debtors' estates, Signature will agree to assign these claims to the liquidating trust upon the effective date of that Plan and consistent with any confirmation order entered in connection thereto.

Dated: _____, 2010    _____
                                 Honorable Robert D. Drain
                                 United States Bankruptcy Judge

| | |
|---|---|
| DUANE MORRIS LLP, | Hearing Date: March 19, 2010, at 10:00 a.m. |
| A Delaware Limited Partnership | Objection Deadline: March 16, 2010, at 4:00 p.m. |

DUANE MORRIS LLP,
A Delaware Limited Partnership
Lawrence J. Kotler (LK-8177)
1540 Broadway, Suite 1400
New York, NY 10036-4086
(212) 692-1000

and

30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1000

Attorneys for Signature Bank

-------------------------------------------------------- X

| | |
|---|---|
| In re | Chapter 11 |
| CREATIVE GROUP, INC., *et al.*, | Case No. 08-10975(RDD) |
| Debtors. | (Jointly Administered) |

-------------------------------------------------------- X

### EMERGENCY MOTION FOR ORDER LIMITING
### NOTICE AND SCHEDULING HEARING ON SHORTENED TIME

Signature Bank ("Signature"), by and through its counsel, Duane Morris LLP, respectfully submits this emergency motion (the "Motion to Shorten Time") seeking the entry of an order scheduling a hearing on reduced time regarding the *Motion pursuant to 11 U.S.C. §§ 105(a) and 1109(b) for entry of an order authorizing Signature Bank to prosecute causes of action under Chapter 5 of the Bankruptcy Code[1] on behalf of the Debtors' esta*tes (the "Standing Motion"), limiting notice, and scheduling a hearing on shortened time to consider the Standing Motion. In support of the Motion to Shorten Time, Signature respectfully represents as follows:

1. The Debtors filed their voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 21, 2008 (the "Petition Date").

---

[1] The "Chapter 5 Claims".

2. Subsequent to the Petition Date, the Debtors sold substantially all of their assets and since the closing of this sale transaction, little to no action has occurred in this bankruptcy case. Indeed, although the statute of limitation to bring the Chapter 5 Claims is to expire on March 21, 2010, neither the Debtors nor the Committee have commenced these causes of action.

3. Contemporaneous with the filing of the Motion to Shorten Time, Signature has filed the Standing Motion seeking, *inter alia,* authority from the Court to bring the Chapter 5 Claims on behalf of the Debtors and the Debtors' estates. As indicated in the Standing Motion, pursuant to an agreement reached in connection with the sale of the Debtors' assets, and memorialized in the June 30, 2008 Order of this Court approving that Sale (the "Sale Order"), Signature is entitled to the first $45,000 of the net proceeds of the Chapter 5 Claims, Allied Capital Corporation is entitled to the next $30,000 of net proceeds and then all creditors share in any additional net proceeds. Thus, pursuant Signature should have the right to pursue these Claims.

4. If the Standing Motion is served in accordance with Local Bankruptcy Rule 9006-1(b), however, Signature will not be able to timely commence the Chapter 5 Claims and will be barred from exercising its right. Local Rule 9006-1(b) provides for fourteen (14) days notice of the Standing Motion. If Signature were required to serve the Standing Motion pursuant to Local Rule 9006-1, the statute of limitation to bring the Chapter 5 Claims would expire. Accordingly, Signature is seeking to shorten the notice of the Standing Motion and respectfully requests that the Court schedule a hearing date and fix the manner of notice.

5. Signature is prepared to serve the Standing Motion immediately and asks that the Court schedule a hearing no later than March 16, 2010.

6. Signature seeks to shorten the time for notice because complying with the full notice requirements would render the estates' right and entitlement to the proceeds of Chapter 5 Claims moot, as it would be heard after the statute of limitation to bring such claims expired.

7. This Motion to Shorten Time does not request any substantive relief, but only seeks entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9006(c) shortening the time for the notice requirements, limiting notice, and scheduling a hearing on the Standing Motion. Due to the urgency with which the Standing Motion needs to be considered, Signature requests approval of the Motion to Shorten Time and the entry of a scheduling order.

8. Finally, Signature requests that the Court limit notice of the Standing Motion to: (i) the Debtors' attorney; (ii) Committee's attorneys; (iii) parties who have filed notice of appearance in these proceedings; and (iii) the Office of the United States Trustee; and that the Court authorize service of the Standing Motion by electronic transmission (email) or facsimile transmission or overnight delivery.

9. Prior to the filing of this Motion to Shorten Time, a copy of these papers were provided to counsel for the Debtors, Committee and the Office of the United States Trustee.

## **CONCLUSION**

WHEREFORE, Signature respectfully requests that the Court grant this motion and such other and further relief as this Court deems just and proper.

Dated: New York, New York
 March 9, 2010

        DUANE MORRIS LLP

        By:  */s/ Lawrence J. Kotler*
           Lawrence J. Kotler
           1540 Broadway, Suite 1400
           New York, NY 10036-4086
           (212) 471-1856

            and

           30 South 17th Street
           Philadelphia, PA 19103-4196
           (215) 979-1514

        Attorneys for Signature Bank

DUANE MORRIS LLP,
A Delaware Limited Partnership
Lawrence J. Kotler (LK-8177)
1540 Broadway, Suite 1400
New York, NY 10036-4086
(212) 692-1000

        and

30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1000

Attorneys for Signature Bank

-------------------------------------------------------X

| | |
|---|---|
| In re | Chapter 11 |
| CREATIVE GROUP, INC., *et al.*, | Case No. 08-10975(RDD) |
| Debtors. | (Jointly Administered) |

-------------------------------------------------------X

## DECLARATION OF LAWRENCE J. KOTLER
## PURSUANT TO LOCAL BANKRUPTCY RULE 9077-1(A)

LAWRENCE J. KOTLER, being duly sworn, deposes and says:

1. I am an attorney at law admitted in the State of New York and a member of the firm of Duane Morris, attorneys for Signature.[1]

2. I submit this affidavit pursuant to Local Bankruptcy Rule 9077-1(a) in support of the proposed order to show cause shortening notice and scheduling a hearing (the "Scheduling Order") with regard to the Signature's Motion for entry of an order authorizing Signature Bank to pursue causes of action under Chapter 5 of the Bankruptcy Code on behalf of the Debtors' estates (the "Standing Motion").

---

[1] All capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Standing Motion.

3. Signature seeks to (a) schedule a hearing on shortened notice, (b) fix the timing and manner of the notice of the hearing on the Standing Motion, and (c) fix the time for serving and filing any objections to the Standing Motion.

4. Local Bankruptcy Rule 9006-1(b) governs the procedures for the Standing Motion and requires that he Standing Motion must be served at least fourteen (14) days prior to the hearing thereon. Signature is seeking to shorten the notice of the Standing Motion and respectfully requests the Court's confirmation of the hearing date and the time and manner of notice.

5. Timing is critical in this case because the statute of limitation to commence Chapter 5 Claims will expire if the Standing Motion cannot be heard on shortened notice. If the statute of limitation of the Chapter 5 Claims expires, not only will Signature's right to the proceeds of the Chapter 5 Claims be lost, but any benefit to the Debtors' estate will be lost as well.

6. For the foregoing reasons, I respectfully submit on behalf of Signature that it is appropriate for Signature to proceed by an order to show cause, rather than by notice of motion.

7. No prior request for the relief sought herein has been made.

Dated: New York, NY
        March 9, 2010

                                        */s/ Lawrence J. Kotler*
                                        Lawrence J. Kotler

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **CREATIVE GROUP, INC,** | : | Case No. 08-10975 (RDD) |
| | : | |
| Debtor. | : | (Jointly Administered) |

# ORDER LIMITING NOTICE AND
# SCHEDULING HEARING ON SHORTENED TIME

Upon the motion (the "Motion to Shorten Time") of Signature Bank ("Signature") seeking the entry of an order scheduling a hearing on reduced time regarding the *Motion pursuant to 11 U.S.C. §§ 105(a) and 1109(b) for entry of an order authorizing Signature Bank to prosecute causes of action under Chapter 5 of the Bankruptcy Code on behalf of the Debtors' estates* (the "Standing Motion"), limiting notice, and scheduling a hearing on shortened time to consider the Standing Motion; and it appearing that the relief requested in the Motion to Shorten Time is necessary and in the best interest of the Debtors' estates and its creditors; and notice of the Motion to Shorten Time having been given to counsel to the Debtors, Committee and United States Trustee; and it appearing that no other or further notice of the Motion to Shorten Time need be given; and after due deliberation and sufficient cause appearing therefore; it is hereby

ORDERED, that the Motion to Shorten to Time is granted to the extent set forth herein; and it is further

ORDERED, that an expedited hearing on the relief requested in the Standing Motion is scheduled for March ____, 2010 at ___ a.m.; and it is further

ORDERED, that objections, if any to the relief requested in the Standing Motion shall be filed and served on or before 12:00 p.m. on March ___, 2010, with replies, if any, filed and served on or before March ___, 2010 at 5:00 p.m.

ORDERED, that <u>if not previously served</u>, Signature shall cause the Motion to Shorten Time and the Standing Motion to be served via email, facsimile transmission or overnight delivery on (i) the Debtors' attorney; (ii) Committee's attorneys; (iii) parties who have filed notice of appearance in these proceedings; and (iii) the Office of the United States Trustee. Completion of this service shall be deemed sufficient and adequate notice in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules of this Court.

ORDERED, that a hearing on the Standing Motion is scheduled for March ___, 2010 at ___ a.m.

Dated: _____, 2010            _____
                                                                    Honorable Robert D. Drain
                                                                    United States Bankruptcy Judge